IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Grace Theresa Evans d/b/a Legacy Custom Designs<br>Raymond J. Wesolowski Jr.<br>　　　　　Debtor(s) | CHAPTER 13 |
| NewRez LLC, d/b/a Shellpoint Mortgage Servicing<br>　　　　　Movant<br>vs. | NO. 19-17800 AMC |
| Grace Theresa Evans d/b/a Legacy Custom Designs<br>Raymond J. Wesolowski Jr.<br>　　　　　Debtor(s)<br><br>Kenneth E. West<br>　　　　　Trustee | 11 U.S.C. Section 362 |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. On or about December 8, 2021, Movant filed a Motion for Relief in regards to the Property located at 121 Davis Road, Coatesville, PA 19320.

2. Following the Motion for Relief, Debtor was subsequently approved for a Partial Claim by Movant. A copy of the loan modification is attached hereto as Exhibit A.

3. Now in resolution of Movant's Motion for Relief, both parties agree that:

    a. Court approval of this Stipulation shall constitute court approval of the attached Partial Claim Note and Mortgage.

    b. Ongoing, Debtor shall maintain current monthly mortgage payment to Movant in accordance with the loan documents.

    c. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

    d. In the event the payments under Section 3(b) above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s)

should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

    e. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. If the case is converted to Chapter 7, the Movant may file a Certification of Default if the loan is in default, with the court and the court shall enter an order granting the Movant relief from the automatic stay.

5. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

6. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

7. The parties agree that a facsimile signature shall be considered an original signature.

Date: February 11, 2022       /s/Rebecca A. Solarz, Esq.
                                                     Rebecca A. Solarz, Esq.
                                                     Attorney for Secured Creditor

Date: 2/11/22
                                                     Joseph L. Quinn
                                                   Attorney for Debtor(s)

Date: *February 14, 2022*       /s/ Jack Miller, Esquire, for*
                                                     Kenneth E. West
                                                   Chapter 13 Trustee

*\*No objection to its terms, without prejudice to any of our rights and remedies*

Approved by the Court this _____ day of _____, 2022.  However, the court retains discretion regarding entry of any further order.

**Date: February 15, 2022**

_____
Bankruptcy Judge
Ashely M. Chan